· RICHARD HOAG, Respondent, *v.* THYRSA E. HATCH *et al.*, Appellants.

*N. Y. Supreme Court, Third Department, General Term, May* 27, 1889.

1. *Appeal. When dismissed.*—In an action to foreclose a mortgage, an appeal from an order striking out the defendant's answer as sham, and directing judgment thereon as frivolous, will be dismissed, where the appellant has no interest in the mortgaged premises to protect, and, though he is slightly interested in the mortgage debt, it is not shown that any deficiency remains after applying the proceeds of the sale.

2. *Same.*—The appeal, in such case, should also be dismissed, where, after the service of the order appealed from, the appellant's attorney gives a stipulation waiving the service of all other papers except notice of sale, and the plaintiff perfects his judgment *ex parte.*

3. *Same.*—Where the affidavits pretty conclusively show that the answer was sham in fact, and the only debatable question is whether it was not technically exempt from being summarily stricken out, and no case is shown which entitles the appellant to any favor, the appeal from such order will be dismissed.

*A. W. Boynton* for respondent.

*B. B. Mason*, for appellant.

LANDON, J.—The special term struck out the defendant's answer as sham, and directed judgment thereon as frivolous. The complaint was for the foreclosure of two mortgages, both on the same premises, and both executed by the defendant, Thyrsa E. Hatch, alone. The bond which one mortgage was given to secure, was executed by Thyrsa E. Hatch and John F. Hatch, her husband. The other bond was executed by Thyrsa E. Hatch alone. Judgment has been entered upon the order, and the premises sold. Thyrsa E. Hatch took an appeal from the judgment which was affirmed. Now the defendant, John F. Hatch, appeals from the order, and a motion is made that the appeal be dismissed. We do not see how an appeal can aid him. The complaint does not allege that he has any interest in the mortgaged premises, and the answer claims none. All the title or interest covered by the mortgage has been effectually disposed of, pursuant to the judgment of the court valid against the mortgagor. The present appellant had no interest in the mortgaged premises to protect. He had an interest in the amount of the debt which one of the mortgages was given to secure, but the papers do not inform us that any deficiency remains after applying the proceeds of the sale.

We think for these reasons the appeal should be dismissed. There are other reasons. After the order now appealed from was served, and a further order made to ascertain the amount due on the mortgage, the defendants' attorney gave the plaintiff's attorney a stipulation waving the service of all further papers except of the notice of sale. This was equivalent to a consent on the part of the appellant that the plaintiff might proceed upon the order, without further opposition from him. The plaintiff thereafter perfected *ex parte* his judgment.

We think after the plaintiff has acted in good faith upon the stipulation, omitting to make such an entry and service of the order as would limit the time in which this appeal could be taken, that the defendant ought to be bound by the consent thus implied, unless he shows cause to the court why he should be relieved from it.

The affidavits show pretty conclusively that the answer was sham in fact, the only debatable question being whether it was not technically exempt from being summarily stricken out. No cause is shown which entitles the appellant to any favor, and we dismiss the appeal, with ten dollars costs.

LEARNED, P. J., and INGALLS, J., concur.